**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NANCIE SCHEIBLY,       )
                        )
         Plaintiff,      )
                        )
       vs.               )
                        )
COLLECTION TECHNOLOGY, INC.,      )
                        )
         Defendant.      )

**09 C 50 0 50**

**F I L E D**

MAR 0 4 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from improper collection practices engaged in by defendant Collection Technology, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. §§1331, 1337 and 1367.

5.     Venue in this District is proper because defendant does business here.

## PARTIES

6.     Plaintiff Nancie J. Scheibly is a resident of this District.

7.     Defendant Collection Technology Inc. is a California corporation with its principal place of business in California. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.     Defendant Collection Technology Inc. is a collection agency, using the mails and interstate wires to collect debts allegedly owed to others.

9.     Defendant Collection Technology Inc. is a debt collector as defined in the FDCPA and a licensee under the ICAA.

## FACTS

10.     In 1983, plaintiff obtained a student loan.

11.     At no time has this loan been rewritten or refinanced.

12.     Defendant has been attempting to collect such loan from plaintiff.

13.     On July 1, 1998, plaintiff filed a Chapter 13 proceeding, 98 B 52178 (N.D.Ill.).

14.     On July 1, 1998, a student loan that had been outstanding for as long as plaintiff's loan was dischargeable.

15.     The loan was duly scheduled and discharged. A copy of discharge order is attached as Exhibit A and a copy of the Trustee's Final Report is attached as Exhibit B.

16.     Beginning in June 2008, defendant attempted to collect the loan from plaintiff.

17.     On August 5, 2008, plaintiff's bankruptcy attorney sent defendant the

2

letter attached as Exhibit C, stating that defendant was wrongfully attempting to collect a discharged debt.

      18.     On August 14, 2008, defendant sent plaintiff's bankruptcy attorney the letter attached as Exhibit D, wrongly stating the date of the bankruptcy filing as October 23, 2001. This is the date of discharge.

      19.     On or about October 25, 2008, defendant caused the proposed administrative wage garnishment notice attached as Exhibit E to be sent to plaintiff.

      20.     On November 11, 2008, plaintiff's bankruptcy attorney wrote a letter (Exhibit F) advising that the loan was subject to discharge and had been discharged. On information and belief defendant Collection Technology, Inc. received a copy of this letter.

      21.     The November 11, 2008 letter stated a valid defense to the proposed administrative wage garnishment.

      22.     On December 6, 2008, defendant caused the notice attached as Exhibit G to be sent to plaintiff, wrongly stating that she had "failed to respond" to the October 25, 2008 notice.

      23.     On or about December 4, 2008, defendant Collection Technology, Inc., caused an administrative wage garnishment order to be entered with respect to plaintiff, without hearing.

      24.     On January 8, 2009, counsel for plaintiff again informed defendant Collection Technology, Inc. that the loan was subject to discharge and had been discharged. A copy of this letter is attached as Exhibit H.

      25.     As a result, plaintiff's wages were wrongfully garnished on account of a discharged debt.

      26.     Plaintiff was damaged as a result.

### COUNT I – FDCPA.

      27.     Plaintiff incorporates paragraphs 1-26.

3

28.     The letter of December 6, 2008 representing that plaintiff had "failed to respond" to the October 25, 2008 notice was false, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(4) and 1692e(10).

29.     Defendant, by causing the administrative wage garnishment order to be entered without hearing and when plaintiff had asserted a valid defense, violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8).

30.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> > **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

a.     Actual damages;

b.     Statutory damages;

4

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

31.    Plaintiff incorporates paragraphs 1-26.

32.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed.**

**. . . (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

33.    A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

34.    Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

a.    Compensatory and punitive damages;

b.    Costs.

c.    Such other and further relief as is appropriate.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

I, Nancie Scheibly, declare under penalty of perjury, as provided by 28 U.S.C. 1746, that the statements in this complaint are true to the best of my knowledge and belief.

Nancie Scheibly

7

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

8

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
for the
Northern District of Illinois
Western Division

**Redacted**

In Re: GERALD C. & NANCIE J. SCHEIBLY                    Case Number

███████████                                             98-B-52178
███████████

ORDER DISCHARGING THE DEBTOR(S)
after
Completion of Chapter 13 Plan

Based upon the Final Report and Account of the Trustee filed with the Court
and the Trustee's representations therein that the Debtor(s) has completed
all payments required by the plan.  IT IS ORDERED:

1. The above named debtor(s) is (are) released from all dischargeable debts.

2. Any Judgment heretofore or hereinafter obtained in any Court other than
   this Court is null and void as a determination of the personal liability
   of the debtor(s) with respect to any of the following:

        (a) Debts discharged under 11 U.S.C. 1328.
        (b) Debts determined by this Court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors
   whose judgments are declared null and void by paragraph 2 above are
   enjoined from instituting or continuing any action or employing any process
   or engaging in any act to collect such debt as a personal liability of the
   above named debtor(s).

   Dated:    October 23, 2001

The Honorable Manuel Barbosa

By _____

Certificate of Mailing

The undersigned certifies that a copy of the foregoing order was mailed to each
claimant in the subject case.  Each copy was properly enclosed in an envelope bearing
first class postage and addressed to the entity at the address on file with the clerk
as that address may have been modified at the request of the entity involved.

Dated: _____ OCT 2 5 2001 _____        Heather M. Fagan

EOD    OCT 2 6 2001

(38)

# EXHIBIT B

02/11/2009  11:57   16138677565                                          05/14

UNITED STATES BANKRUPTCY COURT
for the
Northern District of Illinois
Western Division

**Redacted**

Trustee's Final Report

In Re: GERALD C. & NANCIE J. SCHEIBLY                Case Number
                                                    98-B-52178
SSN:              &

Case Filed on:      July 1, 1998
Plan Confirmed on: September 4, 1998

Plan was completed by debtor as confirmed.

Total funds received and disbursed pursuant to the plan: $18,386.00    Detail of Disbursements below:

| Claim SeqNo | Name of the Claimant | Claimed by the Creditor | Allowed by the Court | To be paid under the plan | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| -3 | CLERK OF U.S. BANKRUPTCY COURT | 130.00 | 130.00 | 130.00 | 130.00 | 0.00 |
| -2 | LYDIA S. MEYER | 11.40 | 11.40 | 11.40 | 11.40 | 0.00 |
| 0 | ATTY WILLIAM BALSLEY | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 0.00 |
| | Total Admin. | 1,141.40 | 1,141.40 | 1,141.40 | 1,141.40 | 0.00 |
| 4 | INTERNAL REVENUE SERVICE | 1,594.29 | 1,594.29 | 1,594.29 | 1,594.29 | 0.00 |
| 5 | WISCONSIN DEPT OF REVENUE | 602.36 | 602.36 | 602.36 | 602.36 | 0.00 |
| | Total Priority | 2,196.65 | 2,196.65 | 2,196.65 | 2,196.65 | 0.00 |
| -1 | GERALD C. & NANCIE J. SCHEIBLY | 290.00 | 290.00 | 290.00 | 290.00 | 0.00 |
| | Total Refund | 290.00 | 290.00 | 290.00 | 290.00 | 0.00 |
| 1 | WFS FINANCIAL INC | 6,250.00 | 6,250.00 | 6,250.00 | 6,250.00 | 832.01 |
| | Total Secured | 6,250.00 | 6,250.00 | 6,250.00 | 6,250.00 | 832.01 |
| 1.1 | WFS FINANCIAL INC | 1,613.28 | 1,613.28 | 1,613.28 | 792.48 | 0.00 |
| 2 | BARNES FEDERAL CREDIT UNION | 2,356.11 | 2,356.11 | 2,356.11 | 1,157.37 | 0.00 |
| 3 | MFN FINANCIAL CORPORATION | 2,691.70 | 2,691.70 | 2,691.70 | 1,322.20 | 0.00 |
| 4.1 | INTERNAL REVENUE SERVICE | 1,536.68 | 1,536.68 | 1,536.68 | 754.85 | 0.00 |
| 5.1 | WISCONSIN DEPT OF REVENUE | 73.37 | 73.37 | 73.37 | 36.04 | 0.00 |
| 6 | ASSOCIATED COLLECTORS INC | None | None | 0.00 | 0.00 | 0.00 |
| 7 | GATEWAY ASSOCIATED SERV INC | 170.00 | 170.00 | 170.00 | 83.51 | 0.00 |
| 8 | BANKRUPTCY RECOVERY SERVICE | 897.15 | 897.15 | 897.15 | 440.70 | 0.00 |
| 9 | CITY TREASURER SEWER SERVICE DEP | None | None | 0.00 | 0.00 | 0.00 |
| 10 | READERS DIGEST | None | None | 0.00 | 0.00 | 0.00 |
| 11 | ROCKFORD MERCANTILE | 305.00 | 305.00 | 305.00 | 149.85 | 0.00 |
| 12 | JEANINE WILSOX | None | None | 0.00 | 0.00 | 0.00 |
| 13 | UNIVERSITY MEDICAL SERVICES | None | None | 0.00 | 0.00 | 0.00 |
| 14 | AMERITECH | None | None | 0.00 | 0.00 | 0.00 |
| 15 | CREDIT MANAGEMENT INC | None | None | 0.00 | 0.00 | 0.00 |
| 16 | FIRST NATIONAL BANK OF MARIN | 377.21 | 377.21 | 377.21 | 185.29 | 0.00 |
| 17 | CREDITORS PROTECTION | 2,670.64 | 2,670.64 | 2,670.64 | 1,311.87 | 0.00 |
| 18 | WFS FINANCIAL INC | 7,600.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 19 | GATEWAY ASSOCIATED SERV INC | 14.00 | 14.00 | 14.00 | 6.88 | 0.00 |
| 20 | GATEWAY ASSOCIATED SERV INC | 281.88 | 281.88 | 281.88 | 138.47 | 0.00 |
| 21 | GATEWAY ASSOCIATED SERV INC | 188.90 | 188.90 | 188.90 | 92.79 | 0.00 |
| 22 | GATEWAY ASSOCIATED SERV INC | 50.75 | 50.75 | 50.75 | 24.93 | 0.00 |
| 23 | GATEWAY ASSOCIATED SERV INC | 21.00 | 21.00 | 21.00 | 10.32 | 0.00 |
| 24 | US DEPARTMENT OF EDUCATION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 24.1 | US DEPARTMENT OF EDUCATION | 5,441.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total Unsecured | 26,288.87 | 15,247.67 | 13,247.67 | 6,507.53 | 0.00 |
| | Grand Totals: | 36,166.92 | 23,125.72 | 23,125.72 | | |

Total Paid Claimant····:    17,217.59
Trustee Allowances····:    1,168.41
Percent Paid Unsecured:    49.122 %

Report Dated: December 17, 2001

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 2 0 2001

SIGNATURE NOT VALID OR XEROX COPY  KENNETH S. GARDNER, CLERK
Lydia S. Meyer, Trustee
P. O. Box 14127                    BY _____
Rockford, IL 61105-4127                 DEPUTY CLERK

File Copy

EOD   DEC 2 0 2001                    29

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

Case Number
98-B-52178

In Re:

GERALD C. & NANCIE J. SCHEIBLY

**NOTICE**
of

Dated: June 1, 2001

an amended, modified or additional claim, its proposed allowance and of an opportunity to object.

The claim listed below appears to have been recorded more than 90 days after the date of the First Meeting of Creditors. The claim may not have been included on a previous report or reports of claims filed. Unless an interested party files an objection and causes the objection to be set for a hearing, the claim will be treated in the manner indicated below:

US DEPARTMENT OF EDUCATION, PO BOX 1920, ST PAUL, MN 55101-0920
Seq No: 24    Acct No. ▓▓▓▓▓ LATE FILE

| Classification | Amount |
|---|---|
| NoticeOnly Unsecured | 0.00 |
| Denied Unsecured | 0.00 |
| **Total** | **0.00** |

A copy of the foregoing notice was mailed
to the debtor(s) and the attorney of record
on:

Clerk of U.S. Bankruptcy Court
211 South Court Street
Room 110 Federal Bldg
Rockford, IL 61101

Lydia S. Meyer, Trustee
P. O. Box 14127
Rockford, IL 61105-4127

JUN - 7 2001

*J. Hacker M. Fagan*

Redacted

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 8 - 2001

BY WAYNE E. NELSON, CLERK
DEPUTY CLERK

36

# EXHIBIT C

# B_LSLEY & DAHLBERG, _LP

*Law Offices*

William L. Balsley  •  Jeffry A. Dahlberg
*Sandra R. Costello, Paralegal*

5130 N. Second Street  •  Loves Park, IL 61111  •  ( 815) 877-2593  •  Fax (815) 877-7965

Balsley & Dahlberg, LLP Is A Debt Relief Law Firm That Helps People File For Bankruptcy Relief Under The
United States Bankruptcy Code.

August 5, 2008

Collection Technology, Inc.
P.O. Box 2036
Montery Park, CA 91754

**Radacted**

Re: ▮▮▮▮▮▮▮▮
Nancie Pepitone n/k/a Nancie Scheibly

Gentlemen:

This is written on behalf of my office's client, Nancy Scheibly, and in reference to the
FSA's and Collection Technology ongoing violation of her bankruptcy discharge. Mrs.
Scheibly filed for Chapter 13 Bankruptcy on July 1, 1998, in the Western Division of the
Northern District of Illinois. A debt to the U.S. Department of Education was scheduled
but the claim was not timely filed. Mrs. Scheibly received her Discharge October 23,
2001. I am enclosing a copy of both the Trustee's Final Report and the Discharge.

The Bankruptcy law at the time of filing allowed student loans due and owing for more
than seven years to be discharged. The Amendment to except educational loans from
discharge entirely but for hardship cases did not take effect until October 7, 1998.
Mrs. Scheibly took her student loan out in 1983 and left school 2.5 months later. She
did not have any deferrals tolling this time period.

Please cease all collection efforts immediately. Further contacts will be regarded as a
violation of the continuing bankruptcy discharge stay.

Very truly yours,

JEFFRY A. DAHLBERG

JAD/ib
Encls.

# EXHIBIT D



**COLLECTION TECHNOLOGY INC.**

CTi

Student loan focused, committed to providing innovative solutions that propel your portfolio to superior results.

Collection Technology, Inc.
P.O. Box 2036
Monterey Park, CA 91754

August 14, 2008

Balsley & Dahlberg, LLP
Law Offices
Attn: Jeffrey A Dahlberg
5130 N. Second Street
Loves Park, IL 61111

RE: Nancie J Scheibly - U.S Department of Education Student Loan/ CTI Reference #391157

Dear Mr. Jeffrey A Dahlberg:

This is in response to your letter that was received in our office on 8/7/08.
Collection Technology Inc. has been assigned Ms. Scheibly's defaulted student loan(s) by the
U.S. Department of Education.

You have indicated that Ms. Sheibly's loan(s) were discharged though Chapter 13 Bankruptcy
filed on July 1, 1998. Enclosed please find a copy of a letter forwarded to Ms. Sheilby's by the
U.S. Department of Education regarding her bankruptcy case filed on 10/23/2001.

Our agency has forwarded a copy of your correspondence received on 8/7/08 to the U.S.
Department for review.

Per your request Collection Technology, Inc. will cease communication Ms. Sheibly.

If you would like to discuss this matter further, please feel free to send a letter to the address
above or contact our Director of Collections, Clayton Small, at (800) 620-4284 extension 3100.

Sincerely,

AURORA PALACIOS (855)

# EXHIBIT E

02/11/2009  11:57   18158777965          BALSLEY & DAHLBERG L          PAGE  08/14 



## U. S. DEPARTMENT OF EDUCATION
## STUDENT FINANCIAL ASSISTANCE

Redacted

#BWNFDMC **AUTO
#70 0528T12 S60325 0#
NANCIE J SCHEIBLY

DATE: OCTOBER 25, 2008

lldl..ll.l.dl..lll..lll..ddl.lll..l.ll..lllll..l.dld

### NOTICE OF PROPOSED WAGE GARNISHMENT
### DUE TO DEBT OWED TO U.S. GOVERNMENT

THE U.S. DEPARTMENT OF EDUCATION (ED) INTENDS TO ORDER YOUR
EMPLOYER TO WITHHOLD 15% OF YOUR DISPOSABLE PAY TO SATISFY
YOUR DEFAULTED LOAN OR GRANT OBLIGATION(S). DISPOSABLE PAY
IS PAY LESS HEALTH INSURANCE PREMIUMS AND AMOUNTS REQUIRED
BY LAW TO BE WITHHELD (E.G., SOCIAL SECURITY, FEDERAL AND
STATE TAXES).  THE LEGAL BASIS FOR THIS ACTION IS SECTION
31001(D) OF THE DEBT COLLECTION IMPROVEMENT ACT OF 1996
(DCIA), PUB. L.104-134,110 STAT. 1321-358 (APR. 26, 1996);
CODIFIED AT 31 U.S.C. 3720D. THE BALANCE ON THE DEBT(S) IS
$11,552.18. THIS INCLUDES, FOR LOAN DEBTS, THE PRINCIPAL
LOANED AND ANY CAPITALIZED INTEREST; FOR GRANT DEBTS, THE
AMOUNT OF OVERPAYMENT; FOR ALL DEBTS, ACCRUED INTEREST AND
FEES, LESS ANY PAYMENTS, REFUNDS, OR OFFSETS RECEIVED.  WE
APPLY ANY PAYMENTS WE RECOVER FIRST TO DEFRAY OUR COLLECTION
COSTS (CURRENTLY 25% OF THE AMOUNT OF UNPAID PRINCIPAL AND
INTEREST), NEXT TO INTEREST, LAST TO PRINCIPAL.  THIS NOTICE
EXPLAINS YOUR RIGHT TO OBJECT TO THIS ACTION; READ THIS ENTIRE
NOTICE FOR AN EXPLANATION OF YOUR RIGHTS AND HOW TO USE THEM.

IF YOU DO NOT TIMELY EXERCISE YOUR RIGHTS IN THE WAY DESCRIBED
BELOW OR YOU DO NOT MAKE A REPAYMENT AGREEMENT OR YOU LATER
FAIL TO MAKE THE PAYMENTS REQUIRED BY SUCH AGREEMENT, ED WILL
ORDER YOUR EMPLOYER TO WITHHOLD AND SEND TO ED 15% OF YOUR
DISPOSABLE PAY EACH PAY PERIOD UNTIL THE BALANCE, WITH
ACCRUING INTEREST AND COLLECTION COSTS WE INCUR, IS PAID IN
FULL (NOTE: THE AMOUNT ACTUALLY WITHHELD TO PAY THIS DEBT MAY
BE LESS THAN 15% OF DISPOSABLE PAY, DEPENDING ON YOUR INCOME
AND OTHER CLAIMS AGAINST YOU.)

YOU HAVE THE FOLLOWING RIGHTS REGARDING THIS ACTION:
YOU HAVE THE RIGHT TO INSPECT AND COPY ED RECORDS RELATING TO
YOUR DEBT.  REQUEST ED RECORDS THROUGH THE CUSTOMER SERVICE
NUMBER BELOW (A REQUEST FOR RECORDS WILL NOT DELAY GARNISHMENT
ACTION UNLESS YOU HAVE ALSO TIMELY OBJECTED TO GARNISHMENT IN
THE MANNER SPECIFIED IN THIS NOTICE).

YOU HAVE THE RIGHT TO OBJECT TO THE PROPOSED GARNISHMENT AND
TO A HEARING ON YOUR OBJECTION.
-   YOU MAY OBJECT FOR REASONS CONCERNING THE EXISTENCE,
    AMOUNT, AND ENFORCEABILITY OF THE DEBT.
-   YOU MAY ALSO OBJECT THAT HAVING AMOUNTS EQUAL TO 15% OF
    YOUR DISPOSABLE PAY WITHHELD, FROM YOUR DISPOSABLE PAY OR
    MAKING VOLUNTARY PAYMENTS IN THAT AMOUNT WOULD CAUSE

T12      0000625

NANCIE J SCHEIBLY                                    ████████████          PAGE  3

MAKE ALL PAYMENT INSTRUMENTS PAYABLE TO THE "U.S. DEPARTMENT
OF EDUCATION" AND INCLUDE YOUR NAME AND SOCIAL SECURITY NUMBER                      Redacted
ON THE FACE OF THE PAYMENT INSTRUMENT.

WE WILL NOT GARNISH NOW IF YOU PROVE THAT YOU HAVE BEEN
EMPLOYED AT YOUR CURRENT EMPLOYER FOR LESS THAN 12 MONTHS AND
WERE INVOLUNTARILY SEPARATED FROM YOUR MOST RECENT PREVIOUS
EMPLOYMENT. TO OBJECT ON THIS GROUND, CHECK THAT BOX ON THE
RFH AND PROVIDE PROOF DESCRIBED THERE.

YOUR EMPLOYER MAY NOT DISCHARGE YOU FROM EMPLOYMENT NOR TAKE
DISCIPLINARY ACTION AGAINST YOU, AS A RESULT OF AN ORDER FOR
WITHHOLDING NOR CAN A PROSPECTIVE EMPLOYER REFUSE TO EMPLOY
YOU AS A RESULT OF THIS PROPOSED ACTION OR EXISTENCE OF AN
ORDER FOR WITHHOLDING. IF AN EMPLOYER TAKES ANY OF THESE
ACTIONS, YOU MAY SUE THAT EMPLOYER IN A STATE OR FEDERAL COURT
FOR REINSTATEMENT, BACK PAY, ATTORNEY'S FEES, AND PUNITIVE
DAMAGES.

OUR DETERMINATION ON YOUR OBJECTIONS AFFECTS ONLY THE DEBT(S)
DESCRIBED IN THIS NOTICE OF GARNISHMENT, AND IS TOTALLY
SEPARATE FROM ANY NOTICE OF PROPOSED FEDERAL PAYMENT OFFSET OR
GARNISHMENT WHICH YOU MAY HAVE RECEIVED FROM A GUARANTEE
AGENCY. IF YOU RECEIVED A NOTICE OF COLLECTION ACTION FROM A
GUARANTEE AGENCY, YOU MUST PRESENT ANY OBJECTIONS TO
COLLECTION ACTION TO THAT AGENCY.

CUSTOMER SERVICE NUMBER:    (800)620-4284
ENCLOSURES:    REQUEST FOR HEARING FORM (RFH)
FINANCIAL DISCLOSURE FORM

T12      0000625                                             0810232007

# EXHIBIT F

# B.\_SLEY & DAHLBERG, I.\_P

*Law Offices*

William L. Balsley • Jeffry A. Dahlberg
Sandra R. Costello, Paralegal

5130 N. Second Street • Loves Park, IL 61111 • (815) 877-2593 • Fax (815) 877-7965

Balsley & Dahlberg, LLP Is A Debt Relief Law Firm That Helps People File For Bankruptcy Relief Under The United States Bankruptcy Code.

November 11, 2008

U.S. Department of Education
AWG Hearings Unit
P.O. Box 61747
Chicago, Il. 60661-7547

Redacted

Re: ▮▮▮▮▮▮▮▮
    Nancie Pepitone n/k/a Nancie Scheibly

Gentlemen:

This is written on behalf of my office's client, Nancy Scheibly, and in reference to the FSA's and Collection Technology ongoing violation of her bankruptcy discharge. Mrs. Scheibly filed for Chapter 13 Bankruptcy on July 1, 1998, in the Western Division of the Northern District of Illinois. A debt to the U.S. Department of Education was scheduled but the claim was not timely filed. Mrs. Scheibly received her Discharge October 23, 2001. I am enclosing a copy of both the Trustee's Final Report and the Discharge.

The Bankruptcy law at the time of filing allowed student loans due and owing for more than seven years to be discharged. The Amendment to except educational loans from discharge entirely but for hardship cases did not take effect until October 7, 1998. Mrs. Scheibly took her student loan out in 1983 and left school 2.5 months later. She did not have any deferrals tolling this time period.

Please cease all collection efforts immediately. Further contacts will be regarded as a violation of the continuing bankruptcy discharge stay.

Very truly yours,

JEFFRY A. DAHLBERG

JAD/jb
Encls.

# EXHIBIT G



| ACCOUNT NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|
| ▉▉▉▉ | $5,441.20 | $3,881.66 |
| PENALTY CHARGES | FEES & COSTS | TOTAL BALANCE |
| $0.00 | $2,269.18 | $11,592.04 |
| | AMOUNT PAID: | |

**DO NOT SEND CASH**
**MAKE CHECKS PAYABLE TO:**
**U.S. DEPARTMENT OF EDUCATION**
**SHOW YOUR SOCIAL SECURITY NUMBER**
**ON YOUR CHECK**

## RETURN THIS PORTION WITH YOUR PAYMENT
NOTE NAME/ADDRESS/PHONE NO. CHANGES ON BACK

Redacted

#BWNFDMC **AUTO
#70 0528A91 S60325 0#
NANCIE J SCHEIBLY

SEND PAYMENT TO:

NATIONAL PAYMENT CENTER
US DEPARTMENT OF EDUCATION
PO BOX 4169
GREENVILLE TX 75403-4169

5 32▉▉▉▉6 0000001191 00000577    5 32▉▉▉▉6 001206200A 11592042

KEEP THIS PORTION FOR YOUR RECORDS

## U.S. DEPARTMENT OF EDUCATION

DATE: DECEMBER 6, 2008

**FINAL NOTICE OF WAGE GARNISHMENT FOR DEBT OWED TO U.S. GOVERNMENT**

YOU HAVE FAILED TO RESPOND TO A PREVIOUS NOTICE OF PROPOSED WAGE
GARNISHMENT SENT TO YOU BY THE U.S. DEPARTMENT OF EDUCATION (ED),
WHICH INCLUDED A DEMAND FOR PAYMENT ON THE OUTSTANDING STUDENT LOAN
DEBT HELD BY ED, AND DETAILED THE STEPS YOU OTHERWISE MUST TAKE TO
DEFEND AGAINST GARNISHMENT OF YOUR WAGES AS PAYMENT TOWARD THIS DEBT.
AS A RESULT OF YOUR NON-RESPONSE, ED WILL ORDER YOUR EMPLOYER TO BEGIN
WITHHOLDING 15% OF YOUR DISPOSABLE PAY EVERY PAY PERIOD UNTIL THE
BALANCE IS PAID-IN-FULL.  (NOTE: DISPOSABLE PAY CONSTITUTES ALL
COMPENSATION REMAINING AFTER THE DEDUCTION OF ALL AMOUNTS REQUIRED BY
LAW TO BE WITHHELD.)  THE UNPAID PRINCIPAL PORTION OF THE BALANCE NOTED
ABOVE WILL CONTINUE TO ACCRUE INTEREST.  YOUR EMPLOYER WILL BE REQUIRED
UNDER FEDERAL LAW TO COMPLY WITH THE ORDER.

YOU CAN CANCEL WAGE GARNISHMENT ACTION AT ANY TIME BY SENDING PAYMENT IN
FULL ALONG WITH THE UPPER PORTION OF THIS NOTICE TO THE ED NATIONAL
PAYMENT CENTER.  THE BALANCE SHOWN INCLUDES THE OUTSTANDING PRINCIPAL,
ACCRUED INTEREST, AND ASSESSED FEES.  MAKE ALL PAYMENT INSTRUMENTS
PAYABLE TO "U.S. DEPARTMENT OF EDUCATION" AND INCLUDE YOUR NAME AND
SOCIAL SECURITY NUMBER ON THE FACE OF THE PAYMENT INSTRUMENT.

YOU MAY STILL EXERCISE THE RIGHT TO CONTEST THIS ACTION AS CITED IN OUR
ORIGINAL NOTICE OF PROPOSED WAGE GARNISHMENT.  HOWEVER, BECAUSE YOU
FAILED TO COMPLY WITH THE TERMS OF THE PREVIOUS NOTICE, YOUR EXERCISE OF
THIS RIGHT WILL NOT RESULT IN THE DELAY OF WAGE GARNISHMENT.

CUSTOMER SERVICE:  COLLECTION TECHNOLOGY, INC.
                   P. O. BOX 2036
                   MONTEREY PARK CA 91754-0000
                   (800)620-4284

A91     0002351                              0812050009

# EXHIBIT H

# BALSLEY & DAHLBERG, LLP

*LAW OFFICES*

*William L. Balsley  •  Jeffry A. Dahlberg*
*Sandra R. Costello, Paralegal*

5130 N. Second Street  •   Loves Park, IL 61111  •  ( 815) 877-2593  •  Fax (815) 877-7965

Balsley & Dahlberg, LLP Is A Debt Relief Law Firm That Helps People File For Bankruptcy Relief Under The United States Bankruptcy Code.

DATE:  January 8, 2009

COMPANY:   Collection Technology

ATTENTION:  Annie Gonzalez

FAX NUMBER:  323-446-0646

FROM:  Attorney Jeffry A. Dahlberg

TOTAL NUMBER OF PAGES (INCLUDING COVER SHEET):  7

### MESSAGE

Reference Number: 391157

Somewhere in your system Ms. Sheibly's **discharge date** of October 23, 2001 has been replaced as her **filing date. The correct filing date is July 1, 1998** which was prior to the amendment for educational loans on October 7, 1998. See enclosed documents.

Transmitted documents are legally protected as privileged correspondence and are intended solely for the use of the named recipient. If you have received these documents in error, please contact the sender at the above address immediately.

If the Facsimile you received is incomplete or illegible, please call us immediately at (815) 877-2593 and ask for Marti.